# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

JAMES SPEARS, JR.                                                    PLAINTIFF

v.                              No. 2:14-cv-2-DPM

JEFFREY HUGHES, Sergeant,
East Arkansas Regional Unit                                          DEFENDANT

## ORDER

**1.** Appointed counsel's motion for fees and taxable costs, № 165, is granted as modified. The Court awards a reasonable attorney's fee of $15,920.00 and taxable costs of $390.

The Court used the following hourly rates:

    Mr. Brick    –   89.75 hours x $160

    Ms. Howard  –  19.5 hours x $80

These are less than the rates requested. *№ 169 at 2*. But the relevant statute sets the maximum hourly rate at 150% of the rate paid to court-appointed lawyers under the Criminal Justice Act. 42 U.S.C. § 1997e(d)(3). That rate was $127 in 2015 when Spears's appointed lawyer started working on this case and increased to $129 in 2016. Considering all the material circumstances, including experience and expertise, the kind of work done, the statutory cap, and the local market rates, the Court concludes that $160 — that is, 125% of the

blended CJA rate from 2015 to 2017 — is a reasonable hourly rate for appointed counsel's work in this case. And considering the same circumstances, the Court concludes that an $80 hourly rate for paralegal work is reasonable. The Court declines, however, to award the $81.25 requested for work that Mr. Brick's law clerk performed.

**2.** On costs, the Court awards Spears the $350 filing fee[*] and the $40 trial witness fee for Christina Gaddy, an ADC records custodian. The Court declines to award the $50 for private service of the subpoena on Gaddy. Only the U.S. Marshal's service fee would be taxable as a cost. *Crues v. KFC Corporation*, 768 F.2d 230, 234 (8th Cir. 1985).

**3.** Brick's reimbursement request, № 166, is allowed in full with one addition. LOCAL RULE 83.6(5). The various expenses incurred were reasonable and necessary to the zealous prosecution of this case. While some of these out-of-pocket expenses could be taxed as costs, FED R. CIV. P. 54(d) & 28 U.S.C. § 1920, collection from the elusive Mr. Hughes is a long shot. It is

---

[*]There is a wrinkle on the filing fee. Spears has paid $216.16 of the total over time. He still owes $133.84. If Spears collects anything from Hughes, he must promptly pay this balance to the Clerk. If Spears ever returns to ADC custody, the Court's earlier Order assessing this fee will control, and any balance will be collected from his prison account over time.

fairer to appointed counsel for the Court to reimburse counsel now. The addition is this: the Court also grants reimbursement of the $50 service fee for the Gaddy subpoena. The total reimbursement is therefore $1,275.45. The Court has consulted the Clerk, and the Library Fund can afford to reimburse counsel. The Court directs the Clerk to do so and to put a copy of this Order and № 166 in the Library Fund file.

4. The Court will enter an Amended Judgment with specifics about the attorney's fee and taxable costs.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

4 May 2017